IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BLANCA AVALOS, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:17-CV-494 |
| ENRIQUE CHAVEZ, JR., | § | |
| ISAAC A. CORDERO, | § | |
| FELIX VALENZUELA, and | § | |
| OSCAR A. LARA, | § | |
|     Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A.  PARTIES

1.      Plaintiff, Blanca Avalos, is an individual and a citizen of the State of Maryland.


2.      Defendant, Enrique Chavez, Jr., an individual and a citizen of the State of Texas, may be served with process at 2101 North Stanton St., El Paso, Texas 79902, or wherever else he may be found.


3.      Defendant, Isaac A. Cordero, an individual and a citizen of the State of Texas, may be served with process at 909 E. Rio Grande, El Paso, Texas 79902, or wherever else he may be found.


4.      Defendant, Felix Valenzuela, an individual and citizen of the State of Texas, may be served with process at 221 N. Kansas St., Suite 1200, El Paso, Texas 79901, or wherever else he may be found.

5.     Defendant, Oscar A. Lara, an individual and citizen of the State of Texas, may be served with process at 1014 N. Mesa, Suite 200, El Paso, Texas 79902, or wherever else he may be found.

## B. JURISDICTION

6.     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiff and defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.  Plaintiff is a citizen of Maryland.  Defendants are citizens of Texas.  Plaintiff is seeking damages in excess of $200,000, excluding interest and costs.

## C. VENUE

7.     Venue is proper in this district under 28 U.S.C. §1391(b)(1) because defendants, Enrique Chavez, Jr., Isaac A. Cordero, Felix Valenzuela and Oscar A. Lara, reside in this district and all defendants reside in this state.  All defendants in this suit reside in El Paso, Texas.

8.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.  Plaintiff entered into contract for legal services with defendants in El Paso, Texas to recover damages for injuries occurring in El Paso, Texas.  Plaintiff is entitled to damages for the acts and omissions of defendants that occurred, or should have occurred, in El Paso, Texas.

**D.  CONDITIONS PRECEDENT**

9.     All conditions precedent have been performed or have occurred.


**E.  FACTS**

10.    Plaintiff entered in to a contract with The Chavez Law Firm in El Paso, Texas on

       June 26, 2013 for legal representation with respect to her claims against the El Paso

       Police Department and the City of El Paso, Texas.  Plaintiff was not represented by

       independent counsel with respect to this contract.  Defendants failed to provide

       plaintiff with sufficient information upon which she could make an informed decision

       about entering into this contract.  Specifically, without limitation, defendants failed to

       ensure that plaintiff was aware of all significant advantages and disadvantages of

       arbitration.


11.    All defendants in this action are, and were at all relevant times, attorneys licensed to

       practice law in the State of Texas employed by, and/or practicing as, The Chavez Law

       Firm.


12.    On October 2, 2013, defendants filed Plaintiff's Original Petition in the 168th District

       Court of El Paso County, Texas, styled *Blanca Avalos v. El Paso Police Department,*

       *City of El Paso*, Cause No. 2013-DCV-3736, seeking redress for plaintiff's claims

       ("State Action").  This state court petition, signed by Enrique Chavez, Jr. on behalf of

       The Chavez Law Firm, lists all defendants in this action as responsible attorneys for

       plaintiff.  This petition detailed how plaintiff had been injured by the defendants in

the State Action and named only El Paso Police Department and City of El Paso as defendants in that action.

13.    On November 26, 2013, defendants filed Plaintiff's First Amended Petition and Request for Disclosure in the State Action.  This pleading, signed by Enrique Chavez, Jr. on behalf of The Chavez Law Firm, identifies all defendants in this action as responsible attorneys for plaintiff.  This petition detailed how plaintiff had been injured by the defendants in the State Action and named only El Paso Police Department and City of El Paso as defendants in that action.

14.    On March 5, 2014, defendants filed Plaintiff's Second Amended Petition and Request for Disclosure in the State Action.  This pleading, signed by Enrique Chavez, Jr. on behalf of The Chavez Law Firm, identifies all defendants in this action as responsible attorneys for plaintiff.  In this petition defendants, acting on behalf of plaintiff, sought actual damages, to justly compensate her for her injuries, of not less than $200,000 or more than $1,000,000.  This petition detailed how plaintiff had been injured by the defendants in the State Action and named only El Paso Police Department and City of El Paso as defendants in that action.

15.    Defendants failed to assert available claims on behalf of plaintiff in the State Action that are usual, customary, commonly known and upon which plaintiff may have prevailed including, but not limited to, claims under 42 U.S.C. 1983.  A reasonably prudent attorney would have, with the information defendants had at the time,

asserted these claims.  No reasonably prudent attorney would have failed to assert these claims on behalf of plaintiff.

16.    Defendants failed to assert claims against any additional defendants in the State Action that were, or may have been, liable for part or all of plaintiff's injuries.  A reasonably prudent attorney would have, with the information defendants had at the time, asserted claims against additional defendants who were, or may have been, liable for part or all of plaintiff's injuries.

17.    On March 17, 2015, the defendants in the State Action filed their First Amended Plea to the Jurisdiction and set this matter for a hearing in the State Court.  Defendants in this action did not file a written response to this pleading in the State Action.

18.    On April 27, 2015 the State District Court heard the State Court defendants' plea to the jurisdiction by telephone.  No record was made of this hearing and Defendants in this action did not request that a record be made.  At that hearing, the State Court withheld its' ruling and requested that the defendants in this action file a written response within thirty days.  No written response was ever filed by the defendants in this action.

19.    On June 25, 2015, the defendants in the State Action filed a Motion for Entry of Judgment on Defendant's Plea to the Jurisdiction seeking dismissal of plaintiffs State

Action claims with prejudice.  No written response to this State Action pleading was ever filed by the defendants in this action.

20.     The State District Court set and held a hearing on the State Action defendants' Motion for Entry of Judgment on Defendant's Plea to the Jurisdiction on July 13, 2015.  Plaintiff does not believe that there is a record of this hearing and it does not appear that the defendants in this action requested that a record be made.

21.     On July 13, 2015 the State District Court entered an Order on Defendant's Plea to the Jurisdiction granting the plea to the jurisdiction and dismissing plaintiff's claims against the City of El Paso and the El Paso Police Department with prejudice on the basis of sovereign immunity.  This was a final, dispositive judgment in the State Action.

22.     Texas Rule of Civil Procedure 329b(a) requires a motion for new trial to be filed within 30 days of the entry of a final judgment.

23.     Texas Rule of Appellate Procedure 25.1, 26.1 and 32.1 require that a notice of appeal be filed within 30 days of the entry of a final judgment, if no motion for new trial is filed, and within 90 days of entry of judgment if a motion for new trial is filed.

24.     Neither a motion for new trial nor notice of appeal was filed in the State Action by the defendants in this action.   Defendants did not notify plaintiff that this final

judgment had been entered or inform her of her options for appeal within the applicable appellate deadlines set out in paragraph 23 above.

25.     On or about September 28, 2015, defendant Enrique Chavez, Jr. contacted plaintiff by telephone and left a voice message that he had "some bad news" that he needed to tell her.

26.     On or about September 30, 2015, defendant Enrique Chavez, Jr., in a phone conversation with plaintiff, disclosed to her for the first time that her case had been dismissed—this was the first time plaintiff became aware that the State Action had been dismissed by the state trial court.  In this conversation defendant Chavez, Jr. told plaintiff that the state court had changed its mind and dismissed her case.  Defendant Chavez, Jr. told plaintiff that "**we've** been looking at options and it doesn't look like there is much that **we** can do by way of options."  Defendant Chavez, Jr. further told plaintiff that there is a case that has come out that is very difficult to overcome and based on this case the court dismissed her lawsuit.  Defendant Chavez, Jr. further stated that he was surprised by the state court order in the State Action.  He reminded plaintiff that when he first talked to her about representation he had told her that there was no cause of action in the law for the slurs and verbal abuse hoisted upon her by police and jailers acting in their official capacity, due to her sexual orientation, while she was in their custody and care, but that he could do something about the physical injuries she suffered at their hands.  Plaintiff asked defendant Chavez, Jr. what her options were and made it clear to him repeatedly that she wanted to continue

prosecution of her claims, move forward, and hold those responsible for her injuries accountable.  Defendant Chavez, Jr. did not inform plaintiff that all of her appeal options had expired—in fact, he never told her **when** her lawsuit had been dismissed—or that she may have a claim against her lawyers for malpractice. Instead, defendant Chavez, Jr. told plaintiff that her lawyers would redouble their efforts to see what could be done to continue the prosecution of her claims and that he would call her again in about a week.

27.    After the phone conversation with defendant Chavez, Jr., as set out in paragraph 26 above, plaintiff contacted the office of The Chavez Law Firm and requested a copy of the final judgment in the State Action.  When she obtained a copy of the final judgment she discovered—**for the first time**—that her lawsuit had been dismissed with prejudice approximately 74 days prior.  Plaintiff was stunned.  Her impression from her conversation with Defendant Chavez, Jr. on or about September 30, 2015 left her with the impression that he had called her immediately, or soon after, the State Action was dismissed.

28.    After plaintiff obtained a copy of the final judgment in the State Action, as set out in in paragraph 27 above, on or about October 7, 2015, after several attempts to reach defendant Chavez, Jr. by phone, plaintiff had another phone conversation with defendant Chavez, Jr.  In that conversation plaintiff inquired of defendant Chavez, Jr. why she had not been told of the existence of the final judgment in the State Action soon enough to have appealed or find another lawyer to appeal the case for her.

Defendant Chavez, Jr. told plaintiff that he had not realized how long it had been since the final judgment was entered until she asked for a copy of the order. He further admitted that he should have informed plaintiff of the status of her case when it was dismissed, but the case "dropped off my radar." Defendant Chavez, Jr. further admitted that he should have called plaintiff but didn't. Defendant Chavez, Jr. told plaintiff, "I blew it…I should have told you…I'm sorry."

29.    On or about June 27, 2016, plaintiff, through her counsel Tracy D. Cluck, sent defendants a demand for her entire original case file, including but not limited to, transcripts, mental impressions, all documents and correspondence, expert documents, and investigation notes. These demands were sent by U. S. Mail, Certified Mail, Return Receipt Requested to the contact address listed at that time for each defendant on the State Bar of Texas website. To date plaintiff's original case file has not been tendered to her by any of the defendants.

30.    At no time did the defendants disclose their negligence to plaintiff, advise plaintiff of the claims she has against them, or advise her to seek independent counsel to advise her.

### F.  COUNT 1—NEGLIGENCE BY ATTORNEY

31.    Paragraphs 10 through 30 above are incorporated by reference as if set out fully herein, in support of this cause of action.

32.     Plaintiff and defendants established an attorney-client relationship.   By letter agreement with The Chavez Law Firm signed by plaintiff on April 26, 2013, defendants agreed to provide legal representation to plaintiff to prosecute her claims for injuries and other damages against the El Paso Police Department and the City of El Paso, Texas.

33.     Defendants, in prosecuting her claims, filed substantive pleadings on behalf of plaintiff identifying all defendants as responsible attorneys for plaintiff.

34.     Defendants breached the standard of care that arose from the attorney-client relationship by, *inter alia*, the following:  failing to assert legal claims upon which plaintiff may have prevailed that no reasonably prudent attorney would have failed to assert; failing to assert claims against additional defendants who were, or may have been, liable for part or all of plaintiff's injuries and that no reasonably prudent attorney would have failed to name as defendants; failing to ensure that a record was made of all substantive State Action proceedings so that an appeal could be made if needed; failing to file written responses to opposing party pleadings and motions; failing to file a written response to a plea to the jurisdiction as requested by the state trial court; failing to timely inform plaintiff that a final judgment had been entered in the State Action that dismissed her case with prejudice; failing to timely inform plaintiff of her right to appeal the final judgment in the State Action; failing to timely inform plaintiff of her right to file a motion for new trial in the State Action; and/or failing to timely inform plaintiff of the applicable appellate deadlines in her case.

35.   Defendants' breach of the standard of care proximately caused injury to plaintiff, which resulted in the following damages: economic damages of no less than $200,000 and no more than $1,000,000 that plaintiff would have recovered and collected in the State Action; mental anguish damages as a result of her inability to hold accountable the defendants in the State Action and her fear that they will hurt others as she has been hurt; pre-judgment and post-judgment interest; and court costs.   Defendants' acts or omissions set out in Paragraphs 10 through 30 above, and elsewhere herein, were a substantial factor in bringing about the injury to plaintiff complained of in this lawsuit that would not otherwise have occurred—the cause in fact of plaintiff's injuries.   The acts and omissions by defendants had such an effect in producing the harm complained of herein that it would lead a reasonable person to regard it as the cause of plaintiff's injuries.   Plaintiff would have prevailed in the State Action but for the negligence of the defendants.   Plaintiff would not have needed expert testimony to prevail in the State Action.   The injuries to plaintiff complained of herein were foreseeable.   Defendants should have anticipated the dangers that their negligent acts or omissions created.

36.   Plaintiff's injuries resulted from defendants' gross negligence, which entitles plaintiff to exemplary damages under Texas Civil Practices & Remedies Code §41.003(a). The defendants had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights and welfare of plaintiff.   Moreover, the acts and omissions of the defendants complained of herein, when viewed objectively from

their viewpoint at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to plaintiff.

37.   Plaintiff seeks damages within the jurisdictional limits of this Court.

### G.  COUNT 2—BREACH OF FIDUCIARY DUTY

38.   Paragraphs 10 through 30 above are incorporated by reference as if set out fully herein, in support of this cause of action.

39.   In addition to other counts, defendants breached defendants' fiduciary duty to plaintiff.  *See Trousdale v. Henry*, 261 S.W.3d 221, 228 (Tex.App.—Houston [14[th] Dist.] 2008, pet. denied); *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988).

40.   Defendants failed to inform plaintiff that she had claims against them as a result of the acts and omissions by defendants complained of herein.  By failing to render a full and fair disclosure of their negligence and her possible claims against them, the defendants obtained an improper benefit from their representation of plaintiff.  *See Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 429 (Tex.App.—Austin, 2009, no pet.); *McGuire, Craddock, Strother & Hale, P.C. v. Transcontinental Rlty. Investors, Inc.*, 251 S.W.3d 890, 894 (Tex.App.—Dallas 2008, pet. denied).

41. Defendants' breach of their fiduciary duty to plaintiff proximately caused injury to plaintiff, which resulted in the following damages: economic damages, mental anguish damages, pre-judgment and post-judgment interest, and court costs.

42. Plaintiff seeks damages within the jurisdictional limits of this Court.

### H.  COUNT 3—BREACH OF FIDUCIARY DUTY

43. Paragraphs 10 through 30 above are incorporated by reference as if set out fully herein, in support of this cause of action.

44. In addition to other counts, defendants breached defendants' fiduciary duty to plaintiff.  *See Trousdale v. Henry*, 261 S.W.3d 221, 228 (Tex.App.—Houston [14th Dist.] 2008, pet. denied); *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988).

45. Defendants failed to provide plaintiff with sufficient information upon which plaintiff could make an informed decision about entering into the contract for legal services. Specifically, without limitation, defendants failed to ensure that plaintiff was aware of all significant advantages and disadvantages of arbitration.  In so doing, defendants obtained an improper benefit from their representation of plaintiff.  *See Beck*, 284 S.W.3d at 429; *Trousdale v. Henry*, 261 S.W.3d 221, 229 (Tex.App.—Houston [14th Dist.] 2008, pet. denied); *Joe v. Two Thirty Nine Jt.V.*, 145 S.W.3d 150, 160 (Tex. 2004); *Archer v. Griffith*, 390 S.W.2d 477, 481 (Tex.App.—Dallas 1995, writ denied).  *See generally In re Poly-America, L.P.*, 262 S.W.3d 337, 348 (Tex. 2008);

TDRPC 1.03 & 1.04.  As such defendants entered into an unconscionable contract with plaintiff—unenforceable under Texas law—and obtained an improper benefit as a result.  *Id.*  These obligations of defendants to plaintiff applied even before the lawyer-client relationship was established.  Tex. Ethics Op. 586 (Oct. 2008), ABA Op. No. 02-245).

46.    Defendants' breach of their fiduciary duty to plaintiff proximately caused injury to plaintiff, which resulted in the following damages: economic damages, mental anguish damages, pre-judgment and post-judgment interest, and court costs.

47.    Plaintiff seeks damages within the jurisdictional limits of this Court.

## I. COUNT 4—DTPA

48.    Paragraphs 10 through 30 above are incorporated by reference as if set out fully herein, in support of this cause of action.

49.    In addition to other counts, defendants violated the Texas Deceptive Trade Practices Act by engaging in, though acts and omissions, an unconscionable action or course of action that cannot be characterized as advice, judgment, or opinion.  *Latham v. Castillo*, 972 S.W.2d 66, 68 n.2 (Tex. 1988); *see Ballesteros v. Jones*, 985 S.W.2d 485, 498 n.5 (Tex.App.—San Antonio 1998, pet. denied)(dicta); Tex. Bus. & Com. Code §17.46(c)(3).

50.   Defendants wholly failed to notify plaintiff that a final judgment had been entered in the State Action and/or deliver to her a copy of the order.  This was not an act or omission of advice, judgment or opinion that required professional skill.  It was, rather than the negligent rendition of legal services requiring professional skill and judgment, a complete failure to act in a clerical and/or ministerial manner without any justification to plaintiff's extreme detriment.  This complete failure to act when a final judgment was entered in the State Action is unconscionable and is actionable under the Texas Deceptive Trade Practices Act.  Tex. Bus. & Com. Code §17.46.

51.   Defendants' breach of their fiduciary duty to plaintiff proximately caused injury to plaintiff, which resulted in the following damages: economic damages, mental anguish damages, attorney fees, treble damages, pre-judgment and post-judgment interest, and court costs.

52.   Plaintiff seeks damages within the jurisdictional limits of this Court.

### J. COUNT 5—CONSPIRACY

53.   Paragraphs 10 through 30 above are incorporated by reference as if set out fully herein, in support of this cause of action.

54.   In addition to other counts, plaintiff sues defendants for conspiracy to commit the tort(s) of Breach of Fiduciary Duty as set out in this complaint.  *See e.g. Guest v.*

*Cochran*, 993 S.W.2d 397, 400 (Tex.App.—Houston [14th Dist.] 1999, no pet.) (client sued attorney for breach of fiduciary duty).

55.     Defendants held themselves out as members of a team of lawyers representing plaintiff, signed or allowed their names to be collectively affixed to the pleadings filed on behalf of plaintiff in the State Action, and held themselves out to be employed by, and/or working together on behalf of plaintiff, as The Chavez Law Firm.  In so doing, the defendants assisted each other and conspired together to commit the breaches of fiduciary duty complained of in this lawsuit.

56.     Defendants' conspiracy to commit any of the breaches of fiduciary duty to plaintiff complained of herein proximately caused injury to plaintiff, which resulted in the following damages: economic damages, mental anguish damages, pre-judgment and post-judgment interest, and court costs.

57.     Plaintiff seeks damages within the jurisdictional limits of this Court.

## K.  DECLARATORY JUDGMENT

58.     Paragraphs 10 through 30 above are incorporated by reference as if set out fully herein, in support of this request for declaratory judgment.

59.     Defendants entered into a contract with plaintiff to provide legal services (the Contract).   That Contract includes vague, ambiguous, confusing and misleading

(boilerplate) language about binding arbitration under the Federal Arbitration Act that did not name exactly whose representation was subject to arbitration.

60.     Plaintiff was not represented by independent counsel to advise her with respect to the Contract.

61.     While plaintiff is a resident of Maryland, the defendants are, or were, all residents of El Paso, Texas.   The arbitration provision of the Contract provides that binding arbitration must be conducted in El Paso, Texas—a remote location for plaintiff.

62.     Defendants did not ensure that plaintiff was aware of all significant advantages and disadvantages of arbitration so that she could make informed decisions regarding defendants' legal representation.

63.     Defendants did not disclose to plaintiff information regarding the cost and time savings frequently found in arbitration.

64.     Defendants did not disclose to plaintiff that, by agreeing to arbitration, she would be waiving significant rights, such as jury trial.

65.     Defendants did not disclose to plaintiff the possible reduced level of discovery available in arbitration.

66.    Defendants did not disclose to plaintiff that, by agreeing to arbitration, she would lose the right to appeal because arbitration decisions can be challenged only on very limited grounds.

67.    Defendants did not disclose to plaintiff the method for selection of arbitrators.

68.    Defendants did not disclose to plaintiff her obligation to pay arbitration fees and/or costs.

69.    The Contract includes language that it was advisable for plaintiff to seek independent representation prior to signing the agreement.   However, unless a client has independent representation in making the agreement, such a bare recitation in the contract is not sufficient to rebut the presumption of unfairness or invalidity of the contract.  *Keck, Mahin & Cate v. National Union Fire Ins. Co.*, 20 S.W.3d 692 (Tex. 2000).  Defendants failed to ensure that plaintiff obtained independent representation with respect to the Contract. TDRPC 1.08(g).

70.    The negligence and torts of defendants complained of herein did not involve interstate commerce.  *See In re Godt*, 28 S.W.3d 732 (Tex.App.—Corpus Christi 2000, no pet.).

71.    Pursuant to the Declaratory Judgment Act of Texas, plaintiff respectfully requests this Court to enter a declaratory judgment and determine whether the arbitration provision

in the Contract is enforceable and binding on the parties.  Texas Civil Practices & Remedies Code §37.001 et seq.

72.   Plaintiff is entitled to recover reasonable and necessary attorney fees that are just and equitable under Texas Civil Practices & Remedies Code §37.009 because this is a suit for declaratory relief under Chapter 37 of that code.

## L.  DAMAGES

73.   As a direct and proximate result of defendants' acts or omissions, plaintiff suffered the following injuries and damages:  economic damages from the loss of her claims in the State Action of no less than $200,000 but no more than $1,000,000; mental anguish damages as a result of her inability to hold accountable the defendants in the State Action and her fear that they will hurt others as she has been hurt; exemplary damages; attorney fees; treble damages; pre-judgment and post-judgment interest; and court costs.

## M.  ATTORNEY FEES & COSTS

74.   Plaintiff is entitled to an award of attorney fees and costs under Tex. Bus. & Com. Code §17.46 and/or Texas Civil Practices & Remedies Code §37.09.

## N.  DEMAND FOR JURY

75.   Plaintiff, Blanca Avalos, asserts her rights under the Seventh Amendment to the U. S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## O. PRAYER

76.   For these reasons, plaintiff asks for judgment against defendants, jointly and

severally, for the following:

    a.   Actual damages of no less than $200,000 or more than $1,000,000.

    b.   Pre-judgment and post-judgment interest.

    c.   Exemplary damages.

    d.   Mental anguish damages.

    e.   Treble damages.

    f.   Attorney fees and costs.

    g.   Costs of suit.

    h.   All other relief the Court deems appropriate.


Respectfully submitted,


/s/ Tracy D. Cluck
_____
TRACY D. CLUCK*
Texas Bar No. 00787254
12600 Hill Country Blvd., Suite R-275
Austin, Texas  78738
Telephone:     (512) 329-2615
Fax:              (512) 329-2604
tracy@tracyclucklawyer.com


/s/ L. T. Bradt
_____
L. T. "BUTCH" BRADT
Texas Bar No. 02841600
14090 Southwest Freeway, #300
Sugar Land, Texas  77478
Tel:  (281) 201-0700
Fax:  (281) 201-1202

ltbradt@flash.net

ATTORNEYS FOR PLAINTIFF
BLANCA AVALOS

*Lead Attorney/Attorney In Charge